## JOHN HAMLYN v. JAMES C. BOULTER.

CONTRACT OF PLEDGE, OR MORTGAGE;· *Right of Possession; Conditions.* Where B., being indebted on several judgments before a justice of the peace, procures H. to become surety for a stay of execution on said judgments, and to indemnify him gives a chattel mortgage on certain personal property, which mortgage expressly provides that H. shall have the exclusive control of the goods, shall sell them, and receive the proceeds, until he is fully repaid or otherwise indemnified; *Held,* That judgment in favor of B. for the value of a portion of said goods should be reversed, where the findings fail to show that the judgments have been paid, and do show that H. has not realized enough from the sale of the goods to protect himself.

*Error from Labette District Court.*

A REFEREE's report in favor of *Boulter* was confirmed, and judgment thereon given at the May Term 1874 of the district court. *Hamlyn* brings the case here. All necessary facts are stated in the opinion.

*F. A. Bettis,* and *David Kelso,* for plaintiff in error.

*H. G. Webb,* and *W. B. Glasse,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The defendant in error, as plaintiff, brought his action in the district court of Labette county, alleging that Hamlyn the defendant had converted certain personal property belonging to plaintiff, and asking judgment for its value. The defendant answered that the plaintiff, being a judgment-debtor in sundry cases, had requested him to become surety on a stay of execution upon such judgments, and that he had so done; that to indemnify him plaintiff had given him a chattel mortgage upon the property described in the petition, a copy of which mortgage was attached to the answer; that, as authorized in said instrument, he had sold some of the goods and applied the proceeds in payment of said judgments; that he had paid on said judgments more than he had received from the sale of the goods; and finally, that the plaintiff was indebted to him in sundry matters. A general denial was filed for reply. The case was referred to a referee, who made his report, with a finding of facts, and conclusions of law. The testimony is not preserved. A motion was made in the district court to set aside the report of the referee, because "not sustained by sufficient evidence, and contrary to law." This motion was overruled and exceptions duly taken. The referee finds, among other things, that the chattel mortgage set forth in the answer was executed as alleged, that the plaintiff was a judgment-debtor, and the defendant became security for stay of execution as stated. He did not find that those judg-

25—15 KAS.

ments had been paid, and did find that the defendant had not realized enough from the goods to protect himself. Turning to the mortgage, we find that it expressly gives to Hamlyn the exclusive control of the goods, the sale of them, and the handling of the proceeds thereof, until he is fully repaid, or otherwise indemnified. Indeed, by our statute, in the absence of stipulations in the instrument to the contrary, Hamlyn would have had the legal title and right of possession. (Gen. Stat. p. 585, § 15.) No action therefore could be maintained against him for the conversion of the goods, or for the value of any portion of them, until he had been fully repaid or indemnified, either by a sale of the goods or otherwise.

The judgment of the district court will therefore be reversed, and the case remanded with instructions to sustain the motion to set aside the report of the referee.

All the Justices concurring.